David L. REEVES, Plaintiff–Appellee,

v.

CITY OF DEARBORN HEIGHTS, Matthew Larabell, Bert Wells, Brian Mitchell and Martin Biek Defendants–Appellants.

No. 02–2515.

United States Court of Appeals, Sixth Circuit.

June 24, 2004.

Mark R. Bendure, Bendure & Thomas, Detroit, MI, for Plaintiff–Appellee.

Joseph Nimako, Cummings, McClorey, Davis & Acho, Livonia, MI, for Defendants–Appellants.

Before: BOGGS and KENNEDY, Circuit Judges; and RUSSELL, District Judge.[*]

RUSSELL, District Judge.

Officers Wells, Mitchell, Biek, and Larabell appeal the District Court's decision denying their Motion for Summary Judgment based on their claim that they are entitled to qualified immunity from Mr. Reeves's excessive force claim.

## BACKGROUND

Officers Wells, Mitchell, Biek, and Larabell were dispatched on a domestic violence call to Plaintiff Reeves's home on September 22, 1999 at about 6:32 p.m. First, they spoke with the victim, who was at a neighbor's home, about the incident. The victim alleges the Mr. Reeves grabbed her. hit her, kicked her, and punched her in the back of the head with a set of keys. Next, the officers went to the Mr. Reeves's home.

According to the officers, Mr. Reeves answered the door with a sandwich in his hand. The officers allege Mr. Reeves refused to step out on the porch, and he was placed under arrest. When they told him that he was under arrest, he ran through the house with the officers following him. The officers claim that Mr. Reeves then turned over furniture to slow them down so he could escape out the back door. Officers Larabell and Biek grabbed Mr.

Reeves and he allegedly pushed the officers up against the wall. Three of the officers took him down to the ground and handcuffed him. After Mr. Reeves complained that his arm hurt, the officers took him to the hospital.

In contrast, Mr. Reeves tells a very different story of the events surrounding his arrest. After Mr. Reeves answered the door and was told he was under arrest, he announced that he need to turn his stove off. One of the officers nodded in approval and Mr. Reeves said, "I will run back there and I will be right back." When Mr. Reeves went to the kitchen, all four of the officers came into the house. Mr. Reeves closed the door to the microwave and turned off the stove. Mr. Reeves claims that Officer Biek knocked over a chair and Mr. Reeves started snickering. Mr. Reeves believes that the snicker angered the officers. After that, one of the officers shoved him and the others were twisting his arms behind his back. One of the officers asked that Mr. Reeves be brought closer to him. Then, the officer punched Mr. Reeves in the stomach and kneed him in the groin. Mr. Reeves claims the officer instructed him to get on the floor, but Mr. Reeves told him that he could not because the officers had his arms. The officer then kicked Mr. Reeves's feet out from under him. After Mr. Reeves was on the ground, one of the officers put a handcuff on his right hand and told another officer to give him Mr. Reeves's left hand. The officers discussed which way the arm should be turned and then one of the officers said that he could fix Mr. Reeves's arm and pushed Mr. Reeves's arm out of the socket. Soon after, Mr. Reeves passed out. Mr. Reeves was taken to the hospital and has not been able to work since his shoulder injury.

[*] Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

## ANALYSIS

We do not have jurisdiction over an interlocutory appeal from a denial of qualified immunity when the denial is based on the existence of a genuine issue of material fact. *Johnson v. Jones,* 515 U.S. 304, 319–320, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). See also *Mattox v. City of Forest Park,* 183 F.3d 515, 519 (6th Cir.1999). The District Court denied the officers' motion for summary judgment based on qualified immunity because genuine issues of material fact exist. On appeal, the officers have argued their version of the events and have not accepted Mr. Reeves's version of the facts as true. This court is without jurisdiction to determine whether qualified immunity applies because a genuine issue of material fact exists.

## CONCLUSION

This appeal is **DISMISSED**.